Samuel DRYBREAD; Herman Bluestone; William B. Busche, Sr. and Bernice Busche, his wife; Ezra C. Cate; Norman B. Cheek and Ora M. Cheek, his wife; John D. Coleman and Reba M. Coleman, his wife; Mary J. Deming; Kimberly Sue Drybread Smith; Richard Duly and Ella M. Duly, his wife; Lorraine Hanaway and Charraine Hanaway; Hattie Harmon; William F. Harmon and Mrs. William F. Harmon, his wife; Roy M. Hawley, Jr.,; Leona Howell; Marie Hassell; Roland E. Hull and Lilly Hull, his wife; Henry P. Jacoby and Elbie Jacoby, his wife; Raymond Jurkiewicz; James C. Larkin and Donna J. Larkin, his wife; Laurinda Mann; Kurt Meyerpeter and Deborah Meyerpeter, his wife; Thomas Mullen and Marian Mullen, his wife; Earl G. Powell; Anna Mae Purl; Dorothy J. Reilly; Roger Ridlen and Glenda S. Ridlen, his wife; Clifford J. Smith and Carol A. Smith, his wife; Arnold Stone, Jr. and Ima Jean Stone, his wife; Diana Stroud; Russell Williamson and Georgia Williamson, his wife, Plaintiffs,

Glen Hartog and Geraldine Hartog, his wife; Richard Hendrixson and Mrs. Richard Hendrixson, his wife; Tom Schoen and Phyllis Schoen, his wife, Intervenors,

v.

CITY OF ST. LOUIS and St. Louis City Airport Commission, Defendants.

No. 41661.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 13, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied July 12, 1982.

J. B. Carter, Clayton, for plaintiffs.

Eugene P. Freeman, Deputy City Counselor, St. Louis, for defendants.

SMITH, Presiding Judge.

Plaintiffs appeal from the orders of the trial court dismissing Counts I and II of their three-count petition. The trial court designated those orders as final for purposes of appeal. Rule 81.06.

Plaintiffs were, at the time the action was instituted, residents and landowners in a subdivision in close proximity to Lambert-St. Louis International Airport. The airport is owned by defendant City of St. Louis and operated by it through the St. Louis City Airport Commission. Count I alleged that plaintiffs' property lies directly beneath the flight paths designated for use of jet-powered aircraft ascending and descending to the airport. It was alleged that the maintenance and operation of the airport results in frequent and continuous air traffic directly above plaintiffs' property including invasion of the air space above the property at altitudes of less than 1000 feet with resultant noise, gas, and particulate pollution. These "invasions and trespasses" interfere and detract from the full enjoyment by the plaintiffs of their property resulting in loss of value and personal discomfort. Count II, after alleging the operative facts of Count I, sought injunctive relief to abate "the existing nuisance" and to enjoin extension of a runway. Count III sought damages in inverse condemnation for the "taking" of plaintiffs' property as a result of the invasions, trespasses, and nuisances complained of in the first two counts. The trial court denied the defendants' request for summary judgment on Count III and that Count is not before us. In their brief plaintiffs state that their prayer for injunctive relief in Count II has been mooted because of their relocation since the inception of the suit.

■ Plaintiffs contend that they have stated causes of action for damages in trespass and nuisance. Little need be said concerning the trespass contention. In *United States v. Causby*, 328 U.S. 256, 66 S.Ct.

1062, 90 L.Ed. 1206 (1946) l.c. 261, the Court held that the air is a public highway. The air above the land does not belong to the landowner to the extent it is "navigable airspace." That phrase means "airspace above the minimum altitudes of flight prescribed by regulations issued under this chapter, and shall include airspace needed to insure safety in take-off and landing of aircraft." 49 U.S.C. § 1301(29) (Supp. III 1979). There is no allegation that the airspace utilized for the aviation complained of by plaintiffs was not navigable airspace and therefore no allegation the airspace belonged to plaintiffs. In fact, the allegations reflect it was navigable airspace. There is no trespass on plaintiffs' property from utilization of this airspace.

The nuisance contention is equally without merit. Since *City of Burbank v. Lockheed Air Terminal Inc.*, 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973), holding that the Congress has preempted state and local control over aircraft noise, a dichotomy has appeared in the cases from other jurisdictions regarding the liability of a municipality as an airport proprietor for damages arising from aircraft noise and pollution reaching nuisance levels. *See*, for example: *Luedtke v. County of Milwaukee*, 521 F.2d 387 (7 Cir. 1975) and *Greater Westchester Homeowners Association v. City of Los Angeles*, 160 Cal.Rptr. 733, 603 P.2d 1329 (1979). We need not resolve that dichotomy. In Missouri, the law is clearly established that:

"An action by a landowner against a municipality for the maintenance of a permanent nuisance of the character here involved, which adversely affects the value of the plaintiff's land, is by the demand for permanent damage converted into an action in the nature of a condemnation proceeding." *Lewis v. City of Potosi*, 317 S.W.2d 623 (Mo.App.1958) [4–6].

■ Whether a nuisance is permanent is determined by whether it is "scientifically possible and reasonably practicable" for the offending municipality to abate the nuisance. *Hillhouse v. City of Aurora*, 316

S.W.2d 883 (Mo.App.1958) [3]. The *City of Burbank* case, *supra*, established that the Federal Aviation Administration and the Environmental Protection Agency have "full control over aircraft noise, preempting state and local control." (1.c. 633) *See also*, 49 U.S.C.A. § 1305 (West Supp.1981). In the absence of closing or relocating the airport (if it could do so under *City of Burbank*) the city lacks the legal power to abate the nuisance. Closing or relocating the airport does not meet the "reasonably practicable" test. Plaintiffs' relief, if any, for the permanent nuisance lies in their inverse condemnation count. *United States v. Causby, supra; Griggs v. Allegheny County*, Pa., 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962).

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.