GEORGE WARD BUILDERS, INC.,
and Robert Allen, Appellants,

v.

CITY OF LEE'S SUMMIT,
Missouri, Respondent.

No. WD 63347.

Missouri Court of Appeals,
Western District.

Nov. 23, 2004.

Motion for Transfer to Supreme Court
Denied Feb. 1, 2005.

Application for Transfer Denied
April 5, 2005.

Anthony L. Gosserand, Kansas City, MO, for appellants.

James H. Ensz, Kansas City, MO, for respondents.

Before ELLIS, P.J.,
BRECKENRIDGE and SMITH, JJ.

PATRICIA BRECKENRIDGE, Judge.

George Ward Builders, Inc., and Robert Allen (referred to collectively as "Ward Builders") appeal the dismissal of its two-count petition for nuisance and injunction against the City of Lee's Summit. Specifically, Ward Builders alleged that the lighting system at a park located next to its properties creates an extreme level of light pollution that interferes with the use and enjoyment of its properties. In its sole point on appeal, Ward Builders claims that the trial court erred in dismissing its petition for failure to state a claim for relief because a municipality can be sued for a temporary nuisance under Missouri law.

This court finds that the trial court properly dismissed Ward Builders' petition for a temporary nuisance because the exclusive and proper remedy for damage to private property caused by a nuisance maintained by a public entity having the power of eminent domain is an action in inverse condemnation. Equity requires this court to remand this case and give Ward Builders the opportunity to amend its petition to plead a claim of inverse condemnation. The trial court's order granting the dismissal is vacated, and the cause is remanded for further proceedings consistent with this opinion.

**Factual and Procedural Background**

■ Although the trial court's judgment was entered in response to the City's motion for summary judgment, in its judgment dismissing Ward Builders' petition, the trial court ruled as a matter of law and "[w]ithout respect to disputed facts" that Ward Builders' petition failed to state a cause of action. Therefore, the trial court's ruling will be reviewed as a grant of a motion to dismiss. *Chandler v. Allen*, 108 S.W.3d 756, 764 (Mo.App.2003). In reviewing the grant of a motion to dismiss, this court takes as true the facts alleged in the petition. *Johnson ex rel. Wilken v. Jones*, 67 S.W.3d 702, 704 n. 2 (Mo.App. 2002).

According to Ward Builders' petition, George Ward Builders owns improved and unimproved lots and develops single-family homes in the Windsor Subdivision Development ("Windsor") in Jackson County. Robert Allen resides in and owns other improved and unimproved lots in Windsor. While Windsor is not within the city limits of Lee's Summit, the subdivision is next to a park that the City owns and is developing. The park contains several sports and baseball fields that abut Windsor. To illuminate the ball fields, the City installed an outdoor lighting system.

On August 10, 2002, Ward Builders filed a two-count petition against the City. In this petition, Ward Builders alleged that the lighting system for the ball fields has lights that are located and positioned in such a manner as to shine directly into several homes in Windsor, including properties owned by Ward Builders. Ward Builders further alleged that the lights create an extreme level of light pollution that interferes with Windsor residents' and Ward Builders' use and enjoyment of their property and, therefore, the lighting system negatively impacts Windsor's marketability. In Count I, Ward Builders sought damages for common law nuisance. In Count II, Ward Builders sought to permanently enjoin the City from operating the lighting system at the park.

In response, the City filed a motion for summary judgment, asserting that, "where a governmental entity is involved, what might be a nuisance claim against a private entity is an inverse condemnation claim against the governmental entity."[1] Following Ward Builders' response to the City's motion for summary judgment, the trial court entered its "Judgment" dismissing Ward Builders' petition, as a matter of law, based on its interpretation of *Heins Implement Co. v. Missouri Highway & Transportation Commission*, 859 S.W.2d 681 (Mo. banc 1993), and *Byrom v. Little Blue Valley Sewer District*, 16 S.W.3d 573 (Mo. banc 2000). Specifically, the trial court found that Ward Builders could not state a cause of action for common law nuisance against the City. The court stated that "in light of [Ward Builders'] denial of their intent to seek relief by way of inverse condemnation in [Ward Builders'] Response to the Summary Judgment Motion, [Ward Builders'] Petition fails to state a cause of action." This appeal followed.

### Standard of Review

 As noted above, even though the trial court's judgment was entered in response to the City's motion for summary judgment, because the trial court relied on only Ward Builders' petition in dismissing the petition, this court reviews the trial court's ruling as a grant of a motion to dismiss. A motion to dismiss for failure to state a claim upon which relief can be granted is an attack on the plaintiff's pleadings. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463–64 (Mo. banc 2001). When reviewing the grant of a motion to dismiss for failure to state a claim, this court considers that:

"A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case."

*Id.* (quoting *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted)).

### Judgment Is Final and Appealable

 Before reaching Ward Builders' point on appeal, this court must determine, *sua sponte*, whether it has jurisdiction to hear the appeal. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). The trial court dismissed Ward Builders' petition without stating whether the dismissal was with or without prejudice. Therefore, the dismissal was without prejudice. Rule 67.03 (stating that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify"). "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy*, 955 S.W.2d at 3.

 An exception to this rule is "where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff." *Masonic Temple Ass'n*

---

1. The City made two additional arguments. First, it argued that, even if Ward Builders had characterized its claim as one of inverse condemnation, it still would not succeed. Second, it claimed that, even if Ward Builders had a viable inverse condemnation claim, Ward Builders would be estopped from pursuing it because Ward Builders never complained about the lighting until after the park had been constructed.

*of St. Louis v. Soc'y for Pres. of Masonic Temple*, 70 S.W.3d 24, 26 (Mo.App.2002). "When the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). "[T]hat the plaintiff may, if he chooses, bring another action for the same cause does not alter the fact that that judgment was a final adjudication as to that petition and if plaintiff chose to stand on that petition, the judgment was final and appealable." *Hasemeier v. Smith*, 361 S.W.2d 697, 699 (Mo. banc 1962).

Here, the trial court ruled that Ward Builders' petition failed to state a cause of action under the holdings of *Heins* and *Byrom*. The trial court did not find that Ward Builders failed to plead the required elements of its claim. Rather, the trial court effectively ruled that, under Missouri Supreme Court precedent, no cause of action for nuisance exists against municipalities with condemning authority. Instead of bringing another action for the same cause, Ward Builders chose to stand on its petition alleging a nuisance action. Thus, the trial court's dismissal of that petition was final and appealable.

### No Claim for Nuisance Against Municipality

■ In its sole point on appeal, Ward Builders argues that the trial court erred in dismissing its petition because it stated a cause of action against the City for common law nuisance. Specifically, Ward Builders claims that a municipality can be sued for a temporary nuisance, and the use of the lighting system at the ballpark is a temporary nuisance. The trial court, however, found that, under *Heins* and *Byrom*, there is no cause of action for damages or the abatement of a temporary nuisance

against municipalities with condemning authority under Missouri law.

In *Heins*, landowners sued the Missouri Highway & Transportation Commission (the "MHTC") and others after a highway bypass project caused flooding on their property. 859 S.W.2d at 684. Against the MHTC, the landowners asserted claims of inverse condemnation, negligence, and nuisance. *Id.* The trial court granted summary judgment in favor of the MHTC on the landowners' negligence and nuisance claims. *Id.* After a jury verdict for landowners on their inverse condemnation claim, the trial court granted a judgment notwithstanding the verdict in MHTC's favor on that claim. *Id.*

In the landowners' appeal to the Supreme Court, the Court determined that the evidence was sufficient to permit a jury to find inverse condemnation, and the Court reversed and remanded that claim. *Id.* at 691–92. The Court affirmed the summary judgment in favor of the MHTC on the landowners' negligence and nuisance claims, however. *Id.* at 694. The Court found that the MHTC was empowered to exercise the right of eminent domain and, "when private property is damaged by a nuisance operated by an entity having the power of eminent domain, the proper remedy is an action in inverse condemnation." *Id.* at 693.

Nevertheless, Ward Builders argues that, because the alleged damage in *Heins* was caused by a permanent nuisance, that *Heins* should be specifically limited to permanent nuisances. The Court in *Heins*, however, did not make such a distinction. Although Ward Builders acknowledges that fact, it contends that if *Heins* is read to mean that claims involving both permanent and temporary nuisances must now be exclusively brought as inverse condemnation claims, the Supreme Court departed

from prior case law *sub silentio*.[2] Subsequent to *Heins*, however, this court interpreted the Supreme Court's holding in *Clay v. Missouri Highway & Transportation Commission*, to be that in cases where plaintiffs were seeking to recover for damages to their own property, "inverse condemnation has been held to be the *exclusive and proper remedy*." 951 S.W.2d 617, 628 (Mo.App.1997) (emphasis added).

That inverse condemnation is the exclusive remedy for damage to property from either a temporary or permanent nuisance was made clear in the Supreme Court's decision in *Byrom*, a case decided seven years after *Heins*. In *Byrom*, residents of the Atherton community sued the Little Blue Valley Sewer District (the "Sewer District"), alleging claims of temporary nuisance and inverse condemnation for foul odors and personal injuries caused by the Sewer District's operation of a wastewater treatment plant. 16 S.W.3d at 574–75. The trial court entered judgment in favor of the residents. *Id.* On appeal to the Supreme Court, the Sewer District alleged that the residents' nuisance claim was barred by sovereign immunity, and that the trial court erred in computing damages on the inverse condemnation claim. *Id.* at 575.

The Supreme Court found that the residents had abandoned their temporary nuisance claim for personal injuries at trial and, therefore, the trial court's judgment should be reviewed as a judgment "awarding damages for property injury based on

principles of inverse condemnation." *Id.* at 576. The Court characterized the residents' action as an inverse condemnation claim based on nuisance. *Id.* at 578. The Court determined that:

> Absent a claim for personal injury and a waiver of sovereign immunity under section 537.600.1, recovery for nuisance is more limited when, as here, a public entity is the defendant. In *Heins Implement v. Highway & Transport Commission*, [859 S.W.2d 681 (Mo. 1993)] we noted, "when private *property* is damaged by a nuisance operated by an entity having the power of eminent domain, the proper remedy is an action in inverse condemnation." The Residents, therefore, are constitutionally entitled to just compensation from the Sewer District.

*Id.* at 576–77 (footnote omitted).

After stating the rule of *Heins* that the proper remedy for private property damaged by a condemning authority is inverse condemnation, *Byrom* discussed that there is a different measure of damages depending on whether a nuisance is temporary or permanent. *Id.* at 577. In particular, *Byrom* held that a public entity that permanently damages a plaintiff's property rights "is liable for the fair market value lost in that property." *Id.* On the other hand, a public entity that temporarily damages a plaintiff's property rights is liable for the " 'diminution in value of the use of occupancy of the property for [the] period' taken or damaged." *Id.* (citation omitted). Had the Court intended that *Heins* only

**2.** Prior to *Heins*, Missouri case law drew a distinction between the proper remedy for a temporary and a permanent nuisance. For cases finding that the proper cause of action for property damage caused by a permanent nuisance maintained by a condemning authority is inverse condemnation see *Owen v. City of Springfield*, 741 S.W.2d 16, 18 (Mo. banc 1987); *Barr v. KAMO Elec. Corp.*, 648

S.W.2d 616, 618–19 (Mo.App.1983); *Drybread v. City of St. Louis*, 634 S.W.2d 519, 520–21 (Mo.App.1982); *Stewart v. City of Marshfield*, 431 S.W.2d 819, 822–23 (Mo.App.1968); *Lewis v. City of Potosi*, 317 S.W.2d 623, 629 (Mo.App.1958). In *Rodgers v. Kansas City*, 327 S.W.2d 478 (Mo.App.1959), however, the landowner sought damages for a temporary nuisance.

be applicable in cases involving permanent nuisances, it would not have drawn a distinction between the different damage measures. Consequently, under *Heins* and *Byrom*, when private property is damaged by a nuisance operated by a public entity with condemning authority, regardless of whether the nuisance is temporary or permanent, the exclusive and proper remedy is inverse condemnation. *See also Thomas v. City of Kansas City*, 92 S.W.3d 92, 98–100, 102 n. 4 (Mo.App.2002) (noting that neither of the two defendant cities argued that plaintiffs' petition was deficient for failing to plead property damage as inverse condemnation claim under *Heins* and, therefore, on remand, petition was to be construed merely as claim for personal injury and not property damage); *Shade v. Mo. Highway & Transp. Comm'n*, 69 S.W.3d 503, 510 (Mo.App. 2002) ("The effect of the court's holding in *Heins* was to remove inverse condemnation actions from the realm of tort liability and set them in a constitutional context, i.e., preventing the taking of private property for public use without compensation.").

Ward Builders, however, cites this court's prior decision in *King v. City of Independence*, 64 S.W.3d 335 (Mo.App. 2002), a case decided after both *Heins* and *Byrom*, as authority for the validity of a temporary nuisance cause of action against a public entity. In *King*, the plaintiff sued the City of Independence, alleging nuisance for sewer backup into her basement and garage caused by the city's operation of its sanitary sewer system. 64 S.W.3d at 338. The trial court concluded that the alleged nuisance was permanent and awarded damages in favor of the plaintiff. *Id.* On appeal, the city argued that the trial court erred in finding a permanent

nuisance and in its award of damages. *Id.* at 337. Finding that the trial court erred in classifying the nuisance as permanent, this court remanded the case to the trial court to identify the nuisance as temporary and retry the issue of damages for a temporary nuisance. *Id.* at 343.

Thus, based on *King*, Ward Builders argues that it is possible to state a cause of action for a temporary nuisance against a municipality with condemning authority. Unlike this case, however, there was no issue raised in *King* as to the propriety of the cause of action for nuisance. Consequently, this court never considered whether the plaintiff's cause of action for a temporary nuisance for her claim of property damage caused by a nuisance maintained by a condemning authority was a valid cause of action. In addressing the issues raised in *King*, however, the court stated that "[a] sewer backup into private premises may be actionable against a municipality for nuisance," 64 S.W.3d at 339, which indicates that nuisance is a viable cause of action against a municipality. *King's* subsequent reliance on *Byrom* in discussing the measure of damages for a temporary nuisance, *id.* at 340, also suggests that this court interprets *Byrom* as permitting a nuisance claim against a municipality.

To the extent that this court's decision in *King* indicates that a nuisance-based claim is viable against a public entity with condemning authority, it is contrary to *Heins* and *Byrom*. Accordingly, *King* should no longer be followed on this point.[3] Under *Heins* and *Byrom*, a nuisance claim for injury to property, regardless of whether the nuisance is temporary or permanent, may not be substituted for a claim of inverse condemnation, as long as the

**3.** This opinion has been reviewed and ap- proved by order of the court en banc.

complained of entity is one having the power of eminent domain.

### Conclusion

 Ward Builders relied on *King* when it repeatedly insisted in its pleadings, and on appeal, that a nuisance claim can be maintained against a municipality. Although rare, Missouri appellate courts have given plaintiffs, who have misconceived the law, the opportunity to amend their pleadings when equity and fairness requires it, even in cases where a verdict was reached by a judge or jury. "[W]here a plaintiff has from the outset misconceived the law and has chosen a mistaken legal theory to submit to the jury for redress, we may reverse the judgment against the plaintiff and remand the cause to allow the plaintiff to plead and to submit another theory." *Blaine v. J.E. Jones Constr. Co.*, 841 S.W.2d 703, 710 (Mo.App. 1992). *See Stouse v. Stouse*, 270 S.W.2d 822, 825–26 (Mo.1954); *Davidson v. Kenney*, 971 S.W.2d 896, 900 (Mo.App.1998). This is permissible "because the plaintiff's counsel has missed completely the appropriate theory. Simple fairness requires the plaintiff be given a meaningful day in court." *Blaine*, 841 S.W.2d at 710. Remand will not be permitted if the record shows that the plaintiff deliberately chose its legal theory—in lieu of other legal theories—to gain strategic advantage. *Id.* Such a "choice is a matter of legal strategy, not a misadventure." *Id.*

In this case, it is evident that Ward Builders chose to assert its nuisance claim against the City not as a matter of trial strategy, but because it mistakenly believed that such a claim was viable on its own and did not need to be brought as the basis for an inverse condemnation claim. Because this mistaken belief was based on a reasonable interpretation of this court's opinion in *King*, simple fairness requires that this court remand the case and give Ward Builders the opportunity to amend its petition to state a claim for inverse condemnation. *See Davidson*, 971 S.W.2d at 900. *See also Adolphsen v. Hallmark Cards, Inc.*, 907 S.W.2d 333, 338–39 (Mo. App.1995). If the amended petition states a claim for inverse condemnation, then the case shall be permitted to proceed.[4] If not, the court shall dismiss the claim with prejudice.

The trial court's order is vacated. The cause is remanded for further proceedings consistent with this opinion.

All concur.

---

**4.** The City claims that, even if Ward Builders had a claim for inverse condemnation, they would be estopped from pursuing it. To support this claim, the City relies on language in *Hasemeier* that a plaintiff who elects "to appeal from the judgment dismissing the 'cause of action' without prejudice rather than to bring another action [is] estopped to bring another action for the same cause after an appellate court ... affirm[s] the trial court's dismissal judgment." 361 S.W.2d at 699. Collateral estoppel "deals with the relitigation of previously decided issues in subsequent litigation brought on a different cause of action." *Shores v. Express Lending Servs., Inc.*, 998 S.W.2d 122, 126 (Mo.App.1999). A remand to amend the petition would not be "subsequent litigation"; therefore, collateral estoppel would not apply.