Monroe **BRANSTAD**, d/b/a Branstad Farms, Appellant,

v.

John David (Red) **KINSTLER**, Respondent.

No. WD 64418.

Missouri Court of Appeals, Western District.

July 5, 2005.

Michael F. Brady, Overland Park, KS, for appellant.

Jayson B. Lenxo, St. Charles, MO, for respondent.

Before EDWIN H. SMITH, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Monroe Branstad appeals the judgment of the trial court dismissing his action against Red Kinstler for negligent misrepresentation based on the running of the statute of limitations. Mr. Branstad claims that the trial court incorrectly computed the date from which the cause of action accrued and the statute of limitations began to run. The judgment is reversed, and the case is remanded for further proceedings.

### Facts

Mr. Branstad's petition, filed November 17, 2003, alleges that he boarded approximately 783 head of cattle with RPR Ranch for care and feeding in accordance with the contract between the two entities and that while the cattle were boarded with RPR Ranch approximately 120 cows died due to acorn poisoning and the remaining cattle failed to gain weight because they, too, were affected by acorn poisoning, thereby further reducing Mr. Branstad's realized income when they were sold. Mr. Branstad's petition claims that he consulted with Red Kinstler, an agent for Shelter Mutual Insurance Company, RPR Ranch's insurer, before he placed the cattle; he was assured by Mr. Kinstler that RPR Ranch's policy covered him and RPR Ranch against the loss of his cattle; he reasonably relied on Mr. Kinstler's assurances; and, therefore, he did not seek additional insurance. Coverage for the loss of the cattle was ultimately denied by Shelter, and the Circuit Court of Randolph County upheld the denial of coverage on February 18, 1999, in a declaratory judgment action filed by Shelter against the owner of RPR Ranch on September 16, 1997. Finally, Mr. Branstad's petition alleges that due to Mr. Kinstler's reckless misrepresentations to him that the Shelter policy covered such a loss that occurred, Mr. Branstad suffered damages.

Mr. Kinstler filed a motion to dismiss arguing that the death of the cattle occurred sometime between May 1996 and November 1996 and that the five-year statute of limitations of section 516.120 [1] expired in November 2001. Mr. Branstad filed a response to the motion to dismiss. Following argument on the motion, the trial court entered judgment dismissing the petition finding that the cause of action accrued in November 1996 when the cattle died and, therefore, that the action was time barred. This appeal by Mr. Branstad followed.

### Standard of Review

Whether the statute of limitations applies to an action is a question of law that is reviewed *de novo. Braun v. Petty,* 129 S.W.3d 449, 451 (Mo.App. E.D.

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2004). "[W]here a statute of limitations is asserted in support of a motion to dismiss, the petition should not be dismissed unless the petition clearly establishes on its face and without exception that it is time barred." *Yahne v. Pettis County Sheriff Dep't*, 73 S.W.3d 717, 719 (Mo.App. W.D.2002)(citing *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)).

## Discussion

▆▆▆ The parties do not dispute that the five-year statute of limitations of section 516.120(4) applies in this case.[2] Rather, the dispute involves when Mr. Branstad's cause of action accrued to begin the running of the statute of limitations. A cause of action accrues for purposes of section 516.120 when damage is sustained and capable of ascertainment. § 516.100; *Olean Assocs., Inc. v. Knights of Columbus*, 5 S.W.3d 518, 521–22 (Mo.App. E.D. 1999). Section 516.100 provides in pertinent part:

> [F]or the purposes of section 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment. . . .

Damage is capable of ascertainment when it can be discovered or made known, even though the amount of damages is not then ascertainable. *Olean*, 5 S.W.3d at 522. The phrase "capable of ascertainment" refers to the fact of damage, not the precise amount of damage. *Nuspl v. Mo. Med. Ins. Co.*, 842 S.W.2d 920, 922 (Mo.App. E.D.1992).

The *Nuspl* case is similar to this case and is instructive. In *Nuspl*, the plaintiffs were the parents of a child whom they claimed suffered injury at birth because of the medical malpractice of the attending obstetrician and that resulted in death approximately seventeen years later. Plaintiffs obtained judgment against the physician. They, by contract with the physician, became the assignees of the physician's cause of action against his medical malpractice insurance carrier that had denied coverage. The assignees added as a party defendant the agent who sold the policy to the physician, alleging his negligent failure to obtain adequate coverage. 842 S.W.2d at 921. The agent argued that the statute of limitations of section 516.120 barred the suit. Applying the normal rule of contract law that an assignee "stands in the shoes" of the assignor so that a defense valid against the assignor is also effective against the assignee, *Doss v. EPIC Healthcare Mgmt. Co.*, 901 S.W.2d 216, 222 (Mo.App. S.D. 1995), the agent argued that the cause of action accrued either when the policy was delivered to the physician or when the plaintiffs' suit against the physician was filed. *Nuspl*, 842 S.W.2d at 922. Plaintiffs contended that the cause accrued when coverage was denied. *Id.* at 923. The Eastern District agreed with plaintiffs explaining that the physician could not have been aware of any damage when the policy was delivered because he was entitled to rely on his insurance agent to procure the requested insurance and had no duty to double-check the expert's work. *Id.* at 922. For the same reasons, the physician had no way of knowing at the time the suit against him was filed

---

**2.** The statute provides in pertinent part:
Within five years:
(4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal proper-ty, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated[.]
§ 516.120(4).

that his personal assets were at stake due to lack of insurance. *Id.* Therefore, reasoned the court, the physician "had every right to expect he was insured until notified to the contrary," and his cause of action accrued when the carrier denied coverage. *Id.* at 923.

■ In reviewing the grant of a motion to dismiss, this court takes as true the facts alleged in the petition. *George Ward Builders, Inc. v. City of Lee's Summit,* 157 S.W.3d 644, 646 (Mo.App. W.D.2004). Unlike *Nuspl,* the record does not disclose an assignment of a cause of action that RPR Ranch may have had against its insurer. But, like *Nuspl,* Mr. Branstad's cause of action accrued when he received notice that the carrier denied coverage for the loss and injury to his cattle. This conclusion follows the basic tenet in section 516.100 that a cause of action accrues when damage resulting from a wrong is sustained and is capable of ascertainment. The alleged wrong was Mr. Kinstler, agent for Shelter Mutual Insurance Company, misrepresenting to Mr. Branstad that RPR Ranch's insurance policy provided by Shelter covered him and RPR against the loss of his cattle, which Mr. Branstad relied on to his detriment by placing the cattle on the RPR Ranch property and not obtaining other insurance. The damage sustained by Mr. Branstad in his claim against agent Mr. Kinstler and Shelter for the agent's alleged misrepresentation was not the loss of his cattle, a necessary occurrence precedent, but was the carrier's refusal to cover his loss, contrary to the alleged representation of carrier's agent. Mr. Branstad's damage, his inability to collect the amount of the insurance proceeds for the loss of his cattle, were not capable of ascertainment until coverage was denied by Shelter. Because Mr. Branstad was entitled to rely on Mr. Kinstler's representations concerning coverage under the Shelter policy, he had no way of knowing on the day the cattle died that the landowner was not insured for the loss. Thus, Mr. Branstad's cause of action against Mr. Kinstler for negligent misrepresentation regarding coverage under the Shelter policy accrued when Mr. Branstad received notice that coverage was denied and, thus, he was able to determine that he had sustained damage.

■ The record is unclear, however, when Mr. Branstad was notified that Shelter would not pay the claim. The only certain date in the record regarding the denial of coverage is February 18, 1999, the day the Circuit Court of Randolph County entered declaratory judgment in favor of Shelter, which was within the five-year period of limitations. The burden of establishing the affirmative defense of statute of limitations lies with the party who asserts it. *Nuspl,* 842 S.W.2d at 923. Because Mr. Kinstler failed to prove that Shelter denied coverage for the loss of Mr. Branstad's cattle more than five years before Mr. Branstad filed suit, his statute of limitations defense fails. The trial court's judgment dismissing Mr. Branstad's petition is reversed, and the case is remanded for further proceedings.

SMITH, C.J. and LOWENSTEIN, J. concur.