WARREN COUNTY CONCRETE, L.L.C., Appellant,

v.

PEOPLES BANK & TRUST CO., Warren County Title And Abstract Company, Warren County Title Company, and Hunt Concrete Company, Inc., Respondents.

No. ED 94936.

Missouri Court of Appeals, Eastern District, Division Two.

April 12, 2011.

Michael J. Schmid, Jefferson City, MO, For Appellant.

Dale E. Cope, Carla A. Schwendemann, Troy, MO, For Respondent, Peoples Band & Trust.

Darryl L. Hicks, Warrenton, MO, Walter D. McQuie, Jr., Montgomery City, MO, For Respondent, Abstract Company.

## OPINION

GLENN A. NORTON, Presiding Judge.

Warren County Concrete, L.L.C. ("WCC") appeals the judgment of the trial

court dismissing its claims against Peoples Bank & Trust Co. ("Bank"), and Warren County Title and Abstract Company and Warren County Title Company[1] (collectively referred to herein as "Title Company") on the grounds that the claims were barred by the statute of limitations.[2] We reverse and remand.

## I. BACKGROUND

The allegations in WCC's first amended petition are as follows: WCC entered into a contract with Hunt Concrete Company, Inc. ("Hunt Concrete") to purchase certain real estate. The property was encumbered by a deed of trust securing a note held by Bank and executed by Hunt Concrete. Title Company acted as the closing agent for WCC's purchase of the property, and was responsible for obtaining a payoff amount for the note and a deed of release from Bank, releasing Bank's deed of trust on the property. WCC closed on the purchase of the property on October 31, 2003.

Although Title Company subsequently delivered a check to Bank to pay off the note, Bank failed to execute and deliver a deed of release on the property. On July 27, 2009, WCC received a notice of a trustee's sale of the property it had purchased and believed to be unencumbered. Thereafter, on November 18, 2009, WCC filed the instant action against Bank, Title Company, and Hunt Concrete alleging various counts against each defendant. WCC alleged Bank recorded a deed of release on separate real estate, unrelated to WCC's property. WCC also alleged Title Company failed to ensure Bank recorded the deed of release. Bank and Title Company each filed a motion to dismiss, arguing that WCC's claims against them were barred by the statute of limitations. The trial court granted both motions, dismissing WCC's claims against Bank and Title Company because the claims were barred by the statute of limitations. WCC appeals.

## II. DISCUSSION

### A. Standard of Review

■ "Whether the statute of limitations applies to an action is a question of law that is reviewed de novo." *Branstad v. Kinstler*, 166 S.W.3d 134, 135 (Mo.App. W.D.2005). If the statute of limitations is asserted in a motion to dismiss, the cause of action should not be dismissed unless the petition clearly establishes on its face and without exception that the cause is time barred. *Id.* In reviewing the grant of a motion to dismiss, we take as true the facts alleged in the petition. *Id.* at 137.

### B. WCC's Claims Against Bank and Title Company were not Time Barred

In its first point on appeal, WCC argues the trial court erred in granting Bank and Title Company's motions to dismiss on the basis that WCC's claims were barred by the five-year statute of limitations set forth in section 516.120 RSMo 2000,[3] because WCC's damages were not capable of ascertainment until WCC received the notice of a trustee's sale on July 27, 2009. We agree.

---

1. Warren County Title Company is the successor in interest to Warren County Title and Abstract Company.

2. Although WCC's claims against Hunt Concrete Company, Inc. were not disposed of, the trial court found there was no just reason for delay and the judgment was final for purposes of appeal pursuant to Missouri Supreme Court Rule 74.01(b) (2010).

3. All further statutory references are to RSMo (2000).

In this case, WCC's claims against Bank and Title Company for breach of contract and negligence are governed by the five-year statute of limitations set forth in section 516.120.[4] Pursuant to section 516.100, a cause of action under the limitation set forth in section 516.120 accrues not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment. . . ." The mere occurrence of an injury itself does not automatically correspond with the accrual of a cause of action. *Martin v. Crowley, Wade and Milstead, Inc.,* 702 S.W.2d 57, 58 (Mo. banc 1985). Instead, a cause of action accrues when a plaintiff has some notice or awareness that he has suffered an injury or that another individual has committed a legal wrong which may result in harm to the plaintiff. *Community Title Co. v. U.S. Title Guar. Co., Inc.,* 965 S.W.2d 245, 253 (Mo.App. E.D.1998).

In this case, the facts alleged in WCC's first amended petition do not support the trial court's decision to grant the motions to dismiss of Bank and Title Company on the grounds that WCC's claims against them were barred by the statute of limitations. The court's decision appears to have resulted from both Bank and Title Company's assertion that the closing date, October 31, 2003, began the running of the statute of limitations. However, such an assertion is erroneous based upon the facts alleged in WCC's first amended petition. WCC alleged only that it was involved in a transaction for the purchase of certain property. In the course of this purchase, WCC retained Title Company to represent it in closing on the purchase. As part of

its duties, WCC alleged Title Company was required to coordinate with Bank concerning the payoff of the note secured by a deed of trust on the property and obtain a deed of release from Bank, releasing Bank's deed of trust. According to WCC's allegations, Bank agreed to execute and deliver the deed of release, but did not do so. WCC's first notice that the deed of release was not executed or delivered was when it received the notice of a trustee's sale of the property on July 27, 2009.

Bank and Title Company argue that under the facts of this case, a reasonable person would have known or at least inquired whether Bank had executed and delivered the deed of release. However, such argument would require WCC, as purchaser of the property, to search the public records to ensure Bank and Title Company performed as agreed. This is a duty we are unwilling to place on a purchaser of real estate. Here, taking WCC's allegations in the first amended petition as true, WCC retained Title Company to represent it at the closing. As the closing agent, Title Company was responsible for ensuring the deed of release was recorded. Under the facts alleged in this case, an affirmative duty to search public records to ensure Bank and Title Company performed as agreed would be unreasonable. There was nothing to indicate WCC knew or should have reasonably known any damage had occurred or any legal wrong was committed until receipt of the notice of a trustee's sale. Thus, the statute of limitations commenced running on July 27, 2009. WCC filed its action on November 18, 2009, well within the five-year statute of limitations set forth in section 516.120. As a result, the trial court's judgment dismiss-

---

4. In its second and final point on appeal, WCC alternatively argues that the ten-year statute of limitations set forth in section 516.110 applies to its claims against Bank and Title Company; however, in light of our disposition of point one on appeal, we need not consider this argument.

ing WCC's claims against Bank and Title Company because such claims were barred by the statute of limitations was erroneous.

### III.   CONCLUSION

The judgment is reversed and remanded with instructions to the trial court to reinstate WCC's claims against Bank and Title Company in the first amended petition.

KATHIANNE KNAUP CRANE, J. and GEORGE W. DRAPER III, J., concur.