

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| MICHAEL FLEISHOUR, et al., | ) | ED101507 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 12SL-CC01826 |
| | ) | |
| NRT MISSOURI, LLC, et al. | ) | Honorable Tom W. DePriest, Jr. |
| | ) | |
| Respondents. | ) | Filed: June 23, 2015 |

#### Introduction

Audrey Silberman (Silberman) appeals the trial court's summary judgment in favor of NRT Missouri, LLC, Gail Ruebsam, and Jane Nuckolls (collectively, Respondents) on Silberman's negligence claim. Because her claim was time-barred by the applicable statute of limitations, we affirm.

#### Background

On January 1, 2008, Silberman's neighbors, Michael and Melissa Fleishour (the Fleishours), entered into a contract to buy property adjacent to Silberman's property. The sale was scheduled to close on February 21, 2008. Silberman alleged that sometime before closing, she notified both the buyers' and seller's agents, Gail Ruebsam and Jane Nuckolls, that she had a claim of adverse possession as to a small strip of property

located at the boundary line between Silberman's property and the property the Fleishours had contracted to purchase. The closing took place as scheduled, and the Fleishours alleged they had no notice of Silberman's adverse possession claim at the time of closing.

After closing, Silberman unsuccessfully attempted to negotiate execution of a deed for the property she claimed from the Fleishours. She states that her attorney sent the Fleishours a letter on April 25, 2008, demanding a deed for the property she claimed by adverse possession, which she says the Fleishours refused sometime in June of 2008. On June 17, 2008, Silberman filed her claim of adverse possession in the circuit court, and on February 26, 2010, the court entered judgment in her favor. On May 16, 2012, the Fleishours filed suit against Respondents, including claims of fraudulent misrepresentation, negligent misrepresentation, breach of contract, and professional negligence, all based on the allegation that Respondents knew of Silberman's adverse possession claim but failed to inform the Fleishours of such claim before closing.

On April 29, 2013, Silberman filed a motion to intervene in the Fleishours' suit against Respondents, which the trial court denied. Silberman moved to reconsider, and the trial court allowed Silberman to file her petition for damages on July 17, 2013. Silberman's petition contained a single claim of negligence against Respondents, alleging that by failing to notify the Fleishours of Silberman's adverse possession claim before closing, Respondents deprived Silberman of opportunities short of litigation that could have occurred before closing regarding her adverse possession claim.

Respondents filed a motion for summary judgment on Silberman's negligence claim, arguing that Respondents did not owe Silberman any duty of care, and Silberman's

2

alleged damages were not proximately caused by Respondents. Respondents also argued that Silberman's claim was time-barred under the applicable statute of limitations. The trial court granted Respondents' motion for summary judgment on each ground asserted in the motion. This appeal follows.

## Standard of Review

Our review of a trial court's summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom summary judgment was entered, taking the non-movant's facts as true and granting the non-movant the benefit of all reasonable inferences from the record. Id. We must affirm the trial court's summary judgment if it is sustainable on any ground asserted in the motion. Russo v. Kelm, 835 S.W.2s 568, 569 (Mo. App. E.D. 1992).

## Discussion

Silberman raises three points on appeal, each arguing that the trial court erred in granting summary judgment in favor of Respondents. The third point is dispositive.

## Point III

Silberman argues that the trial court erred in finding that her claim was time-barred. Silberman's claim of negligence was governed by a five-year statute of limitations. Section 516.120.4[1]; see also Warren County Concrete, LLC v. Peoples Bank & Trust Co., 340 S.W.3d 289, 291 (Mo. App. E.D. 2011). Under Section 516.100, the limitations period commences when the cause of action accrues. Accrual takes place "not . . . when the wrong is done or the technical breach of . . . duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment . . . ." Section

---

[1] All statutory references are to RSMo. (2000), unless otherwise indicated.

3

516.100. In other words, "when a plaintiff has some notice or awareness that he has suffered an injury or that another individual has committed a legal wrong which may result in harm to the plaintiff[,]" the plaintiff's cause of action accrues, and the limitations period begins to run. Warren County Concrete, 340 S.W.3d at 291.

Here, the trial court found that the limitations period began to run at closing, in February of 2008. Thus, the trial court concluded that when Silberman filed her claim on April 29, 2013,[2] the five-year limitations period had run. Because Silberman had notice of her potential damages by April 25, 2008 at the latest, we affirm.

The parties disagree as to the date on which the limitations period began to run. Following is a summary of the timeline relevant to our analysis:

> January 1, 2008 – Fleishours entered contract to purchase property neighboring Silberman
>
> Between January 1 and February 21, 2008 – Silberman notified real estate agents Gail Ruebsam and Jane Nuckolls of her adverse possession claim
>
> February 21, 2008 – Fleishours' purchase of property closed
>
> April 25, 2008 – Silberman's attorney sent letter to Fleishours demanding deed to disputed property[3]
>
> June 2008 – Fleishours rejected Silberman's demand for deed

---

[2] Respondents argue here that Silberman's motion to intervene was not sufficient to commence the action, but rather it commenced on July 17, 2013, when the trial court gave Silberman leave to file her petition. We need not decide which filing legally constituted the commencement of Silberman's suit because in Respondents' uncontroverted facts filed with their motion for summary judgment, they stated that Silberman initially filed her petition on April 29, 2013, and Silberman admits this fact in her statement of additional uncontroverted facts. This therefore is an undisputed fact in the summary judgment record.

[3] Silberman asserts this fact in her brief, but the letter is not included in the legal file. While we do not ordinarily consider facts not contained in the legal file as evidence, where both parties concede them as true in their briefs, we may. See Rogers v. Hester ex rel. Mills, 334 S.W.3d 528, 541 (Mo. App. S.D. 2011); see also Salvation Army, Kan. v. Bank of Am., 435 S.W.3d 661, 670 n.10 (Mo. App. W.D. 2014) ("Except where conceded as true by the opposing party, statements asserted in a party's brief that are not supported by the record on appeal supply no basis for review"). Respondents accepted the date of the letter from Silberman's attorney in their brief.

4

June 17, 2008 – Silberman filed adverse possession claim against Fleishours

February 26, 2010 – Silberman obtained judgment for disputed property against Fleishours

May 16, 2012 – Fleishours filed suit against Respondents NRT Missouri, LLC, Gail Ruebsam, and Jane Nuckolls

April 29, 2013 – Silberman moved to intervene in Fleishours' suit

The damages Silberman claimed were essentially that Respondents' failure to notify the Fleishours of her adverse possession claim left her without the ability to resolve her claim prior to closing without litigation. She claimed that had the Fleishours known of her adverse possession claim before closing, the sale would not have closed and the option of pursuing negotiations to clear the title would have been available. Specifically, her petition alleged that "[t]he negligence of [Respondents] deprived . . . Silberman of her valuable right to have her claim addressed *prior to the sale* regardless of the outcome" (emphasis added). Given this, her alleged damages accrued at the date of sale in February of 2008.

Silberman argues nevertheless that she did not know she had suffered these damages until she investigated the potential problem after closing and received "actual notice that a conveyance was not going to be voluntarily forthcoming" from the Fleishours in June 2008, when the Fleishours affirmatively rejected her request for a deed to the property she claimed by adverse possession. However, the damages she alleged in her petition were not the failed negotiations after sale, but the lost opportunities to resolve the claim prior to sale. By June 2008, the sale had closed. Her decision to attempt

5

negotiations after closing had no effect on the fact that the alleged lost ability to negotiate *prior to* closing had already occurred.

Moreover, Silberman claims that her attorney sent her request to the Fleishours for a deed to the property she claimed by adverse possession on April 25, 2008. Such a demand indicates that Silberman knew the Fleishours had completed the sale of the property by that date and were the owners of the disputed strip of land, thus she knew that her ability to negotiate clearing the title before sale had already lapsed[4]. At that point, Silberman certainly had notice of the particular damage she claimed in her petition and that it may result in harm to her. See Warren County Concrete, 340 S.W.3d at 291. Therefore, even assuming that the earliest Silberman ascertained this damage was when her attorney sent the letter on April 25, 2008; her suit, filed on April 29, 2013, still was not filed within five years. The trial court did not err in concluding her claim was barred by Section 516.120. Point denied.[5]

---

[4] At oral argument, counsel for Silberman also indicated that Silberman, who "had experience and training in the real estate sales business," was aware that the property sale closed no later than a month after the February 21, 2008 closing:
**Judge Gaertner:** "When did [Silberman] find out the closing occurred?"
**Attorney Metzler:** "Well, that's a good question. We're not exactly certain. The closing occurred on February 21st. The best that we state in our pleadings is that shortly thereafter she noticed a woman over there and there was some indication that there was a move in taking place. I'm not certain whether that was two days, two weeks or a month. But, I'm assuming that they didn't wait a month. The best guess is somewhere within a week of the time of the closing."
**Judge Gaertner:** "So, you're saying that it's at least within one month of the closing that she found out a closing had occurred, correct?"
**Attorney Metzler:** "Oh, I would say that would be a certainty."

[5] The trial court also determined in its judgment that Silberman failed to establish Respondents owed her a duty of care, that Respondents did not proximately cause any of Silberman's alleged damages, and that her alleged damages were speculative. Silberman contests each of these findings in her remaining points. Because we affirm based on the statute of limitations, we do not examine these other grounds. Russo v. Kelm, 835 S.W.2s 568, 570 (Mo. App. E.D. 1992) (finding where summary judgment sustained on one ground, court need not consider appellant's remaining points). We note only that it is unlikely Silberman would have prevailed even had her petition been timely filed.

<u>Conclusion</u>

Without determining the validity of Silberman's negligence claim, we find that even had it been meritorious, it was not filed within the applicable five-year statute of limitations. Thus, the trial court did not err in granting summary judgment in favor of Respondents. We affirm.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

7