

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JENNIFER FERRILL AND PETE FERRILL, | ) | No. ED107371 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | Cause No. 17SL-CC02341 |
| | ) | |
| PATRICK YEUNG, JR., M.D., ET AL., | ) | Honorable Nancy Watkins McLaughlin |
| | ) | |
| Respondents. | ) | Filed: May 28, 2019 |

### OPINION

Jennifer Ferrill ("Mrs. Ferrill") and Pete Ferrill ("Mr. Ferrill") (collectively,

"Appellants") appeal the trial court's dismissal of Appellants' third filing of their medical

malpractice suit. The trial court concluded that Appellants' third filing was time-barred under

§§ 516.105 and 516.230 after Appellants' first filing was voluntarily dismissed as a nonsuit and

their second filing was dismissed without prejudice for failure to comply with statutory filing

requirements.[1] In their sole point on appeal, Appellants argue that the trial court erred in

dismissing their suit because § 516.230 "saved" their third filing from being time-barred and

because they filed their third filing with a corrected pleading the day after their second filing was

dismissed without prejudice, as permitted by Rule 67.01.[2] Finding that the trial court did not err

---

[1] All statutory references are to Mo. Rev. Stat. Cum. Supp. 2015.

[2] All references are to Missouri Supreme Court Rules (2015).

1

in dismissing Appellants' third filing because it was time-barred, we affirm the judgment of the trial court.

## I.    Factual and Procedural Background

The following facts are derived from the parties' pleadings and responses submitted to the trial court. On April 24, 2013, Mrs. Ferrill was admitted to SSM St. Mary's Health Center ("St. Mary's") under the care of Dr. Patrick Yeung, M.D. ("Dr. Yeung"), a physician employed by SLUCare Physician Group ("SLUCare"). On that date, Dr. Yeung and Dr. Ricardo Bolanos, M.D. ("Dr. Bolanos"), another physician employed by SLUCare, performed several surgical procedures on Mrs. Ferrill, including a(n): diagnostic laparoscopy, excision of endometriosis with carbon dioxide laser, left oophorectomy, total hysterectomy with bilateral salpingectomy, right ovarian conservation, cystoscopy with hydrodistension, bilateral ureterolysis, and lysis of adhesions. Following these procedures, Mrs. Ferrill developed abdominal pain, and after a CT scan was performed, it was discovered that Mrs. Ferrill had suffered a bowel perforation. Mrs. Ferrill subsequently developed a condition known as abdominal fecal peritonitis, which required another surgical procedure (known as a low anterior bowel resection with colostomy) that was performed on April 27, 2013. Mrs. Ferrill then spent nine days in the hospital and required six weeks of home health services, including the administration of intravenous antibiotics, and currently continues to suffer from the complications of the surgical procedures performed by Dr. Yeung and Dr. Bolanos.

On April 20, 2015, Appellants timely filed suit against St. Mary's, SLUCare, Dr. Yeung, and Dr. Bolanos (collectively, "Respondents"), alleging medical malpractice.[3] On April 14, 2016, Appellants voluntarily dismissed their action without prejudice. Pursuant to § 516.230,

---

[3] Mrs. Ferrill asserted claims of medical malpractice against each Respondent, while Mr. Ferrill brought a loss of consortium claim against Respondents.

2

Appellants timely refiled their medical malpractice suit on November 16, 2016—approximately seven months from the date of the nonsuit resulting from Appellants' voluntary dismissal. On May 16, 2017, Respondents filed a motion to dismiss Appellants' suit for failure to file medical affidavits for their medical malpractice action, as required by § 538.225. In response, Appellants stated that their attorney filed "or verily believes he had filed" the required affidavits and notice of filing via Missouri's electronic filing system and had served a copy of the affidavits on Respondents' counsel; Appellants attributed the failure to file the affidavits to a technological error. On June 27, 2017, the trial court granted Respondents' motion and dismissed Appellants' action without prejudice for failure to file the required affidavits.

The very next day, June 28, 2017, Appellants refiled their medical malpractice suit (their third filing) with the required affidavits. Respondents thereafter filed another motion to dismiss, arguing that Appellants' third filing was time-barred because it was filed after the two-year statute of limitations and the one-year savings period for the medical malpractice action had expired. Appellants countered that, because their second filing was filed within the time allotted by the statute of limitations and savings statute combined and was dismissed without prejudice, they were entitled to file a corrected third filing with the required affidavits. Appellants further argued that, because they only "consumed seven months and two days" of their one-year savings period by filing their second filing in that time, the balance of that savings period (just short of five months) should be afforded to them as time to file their third filing. After hearing argument on the issue, the trial court granted Respondents' motion to dismiss the action—this time with prejudice—reasoning that Appellants' third filing was time-barred under §§ 516.105 and 516.230. Appellants appealed the trial court's dismissal to this Court; we dismissed that appeal without prejudice because the trial court's order was not denominated a "judgment," and was

3

therefore not a final, appealable judgment pursuant to Rule 74.01(a). The trial court entered a corrected dismissal order that complied with Rule 74.01(a) on October 27, 2018.

This appeal follows.

## II.    Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *Lang v. Goldsworthy,* 470 S.W.3d 748, 750 (Mo. banc 2015). "In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *In re Estate of Austin,* 389 S.W.3d 168, 171 (Mo. banc 2013). "If the statute of limitations is asserted in a motion to dismiss, the cause of action should not be dismissed unless the petition clearly establishes on its face and without exception that the cause is time barred." *Warren Cnty. Concrete, L.L.C. v. Peoples Bank & Trust Co.,* 340 S.W.3d 289, 290 (Mo. App. E.D. 2011).

## III.    Discussion

In Appellants' sole point on appeal, they argue that the trial court erred in granting Respondents' motion to dismiss Appellants' third filing because it was time-barred pursuant to §§ 516.105 and 516.230. Specifically, Appellants argue that their third filing was not time-barred because those statutes, combined with Rule 67.01, allowed Appellants to file their suit a third time, as Appellants only "consumed seven months and two days" of their one-year savings period by filing their second filing in that time. Appellants therefore argue that the balance of that savings period (just short of five months) should be afforded to them as time to file their suit for a third time. While we are sympathetic to Appellants' circumstances, we must reject their argument as a matter of law, and deny their point on appeal.

4

Section 516.105, which governs medical malpractice actions against healthcare providers like Appellants', provides that such claims "shall be brought within two years from the date of occurrence of the act of neglect complained of," with only limited exceptions that do not apply in this case. Appellants clearly filed their action for the first time within the two-year statute of limitations for medical malpractice actions on April 20, 2015, as it is undisputed that the negligent acts of which Appellants complain occurred on April 24, 2013. Appellants' first action resulted in a nonsuit after they voluntarily dismissed the case without prejudice on April 14, 2016. *See Zinke v. Orskog,* 422 S.W.3d 422, 425 (Mo. App. W.D. 2013) ("A dismissal without prejudice is a [form of] nonsuit and permits a party to bring another civil action for the same cause.") (quoting *Molder v. Trammell Crow Servs., Inc.,* 309 S.W.3d 837, 841 (Mo. App. W.D. 2010)); Rule 67.02(c).

Section 516.230 states that, "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit … such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered…." Appellants undoubtedly refiled their medical malpractice action following a nonsuit within the time allotted by § 516.230, as they refiled the suit on November 16, 2016—seven months and two days from when they voluntarily dismissed their first action. The trial court granted Respondents' motion to dismiss Appellants' second action on June 27, 2017, based upon Appellants' failure to file the statutorily-required affidavits as set forth by § 538.225;[4] that dismissal was without prejudice.

---

[4] Section 538.225.1 requires that:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar

It is the trial court's dismissal with prejudice of Appellants' third filing of their action (filed on June 28, 2017) that they now appeal, after the court concluded that their third filing was time-barred by §§ 516.105 and 516.230. Appellants specifically argue that the trial court erred in finding that their third filing was time-barred because they "consumed just seven months and three days of their [one-year] saving period; having consumed seven months and two days to file the second action and a single day to file the third action after the second action was dismissed without prejudice." Essentially, Appellants contend that the time period granted by § 516.230 pauses once an action is refiled within the savings period, and simply begins to run again when that refiled action ends in a nonsuit. While this argument is somewhat novel in regards to the application of §§ 516.105 and 516.230, almost this exact argument was rejected as part of a comparative analysis in a recent case from the Supreme Court of Missouri, *State ex rel. Goldsworthy v. Kanatzar,* 543 S.W.3d 582 (Mo. banc 2018), and was directly rejected by the Supreme Court in *Cady v. Harlan,* 442 S.W.2d 517 (Mo. banc 1969).

In *State ex rel. Goldsworthy,* our Supreme Court interpreted § 537.100, which established both the statute of limitations and savings period (after a nonsuit) for wrongful death claims. *State ex rel. Goldsworthy,* 543 S.W.3d at 585. In analyzing the time limits set by § 537.100, the Court analogized the application of the savings provision within that statute to the application of § 516.230 (the savings statute at issue in this case), which was directly applied in *Cady. Id.* at 586–87; *Cady,* 442 S.W.2d at 519–20. Quoting *Cady,* the Court explained that:

> This Court has held the savings provision in section 516.230 provides "a one-year period following the nonsuit of an action filed within the original period of

circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Sections 538.225.5 and 538.225.6 go on to require that such affidavit be filed no later than 90 days after the filing of the petition, unless otherwise allowed by the trial court, and that the court shall dismiss the action without prejudice upon the motion of any party if such affidavit is not filed within the allotted time period.

limitations" and does not provide an additional savings period following the nonsuit of an action filed within the savings period. Once the savings provision is invoked, the "plaintiff then has one year to file his action[,] and the dismissal of an action so filed [ ] does not give rise to any subsequent periods of grace." The "plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit."

*State ex rel. Goldsworthy,* 543 S.W.3d at 586 (quoting *Cady,* 442 S.W.2d at 519) (citations omitted). Further, the Court directly addressed Appellants' argument that the phrase "from time to time" indicates the legislature's intent that a medical malpractice action could be refiled again (following yet another nonsuit under § 516.230) after expiration of the one-year savings period. *Id.* at 587. Again invoking *Cady,* the Court explained that "the clear meaning of 'from time to time' is that a plaintiff can commence multiple new actions within the one-year savings period 'so long as the first as well as any subsequent suit is brought within the single one-year period provided by the statute after a nonsuit.'" *Id.* at 587 (quoting § 516.230 and *Cady,* 442 S.W.2d at 520). Applying both our Supreme Court's holding in *Cady* and the comparative reapplication of *Cady*'s interpretation of § 516.230 in *State ex rel. Goldsworthy,* we reject Appellants' argument that their third filing was not time-barred by §§ 516.105 and 516.230. Because Appellants filed their medical malpractice action for the third time after the statute of limitations and savings period had expired, Appellants' suit was time-barred.

Likewise, we also reject Appellants' argument that Rule 67.01 entitled them to the opportunity to refile their action after their second filing was dismissed without prejudice. "A dismissal without prejudice permits the party to bring another civil action for the same cause, *unless the civil action is otherwise barred*…." Rule 67.01 (emphasis added). Despite Appellants' contention that they were allowed to file their medical malpractice action for a third time because their second filing was dismissed without prejudice, the language "unless the civil action is

otherwise barred" within Rule 67.01 prevents Appellants from being able to refile under that rule. Appellants could not file their medical malpractice action for a third time under Rule 67.01 after their second suit was dismissed without prejudice because their action was time-barred pursuant to §§ 516.105 and 516.230.

Thus, we deny Appellants' point on appeal.

### IV. Conclusion

Because Appellants were time-barred from filing their medical malpractice action for a third time pursuant to §§ 516.105 and 516.230, we find that the trial court did not err in granting Respondents' motion to dismiss Appellants' third filing. Therefore, the judgment of the trial court is affirmed.

_____
Colleen Dolan, Judge

Kurt S. Odenwald, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

8