**Rebecca Jane THOMAS, Respondent,**

v.

**FESTIVAL FOODS, Appellant.**

**No. WD 65034.**

Missouri Court of Appeals,
Western District.

July 18, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2006.

Application for Transfer Denied
Oct. 31, 2006.

Ryan E. Karaim, Kansas City, MO, for appellant.

Eroc E. Bartlett, Kansas City, MO, for respondent.

Before EDWIN H. SMITH, C.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

A jury awarded damages of $300,000 to Rebecca Thomas on her slip and fall negligence claim against Festival Foods. On appeal, Festival Foods contends the trial court erred in allowing Thomas to present expert testimony from a retail store consultant because: (a) the expert's opinion was based on facts not in evidence; and (b) the subject of the expert's testimony was a matter within the common experience of the factfinder and, thus, no expert was required.[1] We reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

On July 28, 2003, at approximately 6:00 pm, Thomas was shopping for groceries at Festival Foods when she slipped on some water in the deli area, fell, and hit her head on the floor. There were store employees working in the area but none came to Thomas' assistance. Thomas got up, finished her shopping, and left the store without reporting the incident to store personnel.

After getting into her car, Thomas developed a headache and blurred vision. The next day she visited a doctor and was eventually referred to a retina specialist, who diagnosed an abnormal vascular bed

---

1. Festival Foods raises eight points on appeal. The first point, concerning the testimony of the grocery store expert, is dispositive; thus, we need not address the remaining points.

in her eye that had hemorrhaged as a result of the fall. Thomas underwent laser surgery to stop the bleeding but ultimately lost partial sight in her right eye.

Thomas filed a petition for damages, alleging that Festival Foods was negligent in failing to either remove the water from the floor or provide signage to warn of the dangerous condition. At the jury trial, Thomas presented expert deposition testimony from a retail store consultant, Alex Balian, regarding industry standards for proper maintenance of grocery store floors. Festival Foods objected to a portion of the deposition testimony on grounds that Balian's opinion was based on speculation, lacked foundation, and covered subject matters that did not require professional expertise. The trial court overruled the objections and allowed the jury to hear Balian's opinion that "Festival Foods should have known about [the] water on the floor of their store at the time or prior to the time Ms. Thomas fell[.]"

The jury ultimately returned a verdict in favor of Thomas and awarded her $300,000 in damages. After denial of its post-trial motions, Festival Foods appeals.

## DISCUSSION

■ The dispositive point on appeal challenges the admissibility of Alex Balian's expert opinion that Festival Foods should have known about the water on the floor of the deli area at or prior to the time of Thomas' slip and fall incident. Festival Foods contends there are no facts in the record to indicate how long the water had been on floor and, thus, Balian's opinion was based on speculation and lacked factual foundation. Festival Foods further contends Balian's opinion was inadmissible because no professional expertise was required to assist the jury in determining the ultimate question of whether the grocery store personnel

should have been aware of the water prior to Thomas' fall.

■ Expert testimony is permitted under Section 490.065.1, RSMo.2000, when scientific, technical, or other specialized knowledge will assist the trier of fact's understanding of the evidence or determination of a fact in issue. The expert's opinion must be based on facts in evidence, and those facts must be substantial and probative. *Robinson v. Empiregas Inc. of Hartville*, 906 S.W.2d 829, 842 (Mo.App. 1995). Expert testimony is allowed only when the expert's competence on the subject is superior to that of an ordinary juror and the expert's opinion aids the jurors in deciding an issue in the case. *Vittengl v. Fox*, 967 S.W.2d 269, 279 (Mo.App.1998).

In general, the trial court has discretion to admit or exclude expert testimony; absent a showing of discretional abuse, we will not interfere with such decisions on appeal. *Robinson*, 906 S.W.2d at 842. However, the issue of whether an expert's opinion is supported by facts in evidence is a question of law, reviewed *de novo* and without deference to the trial court's ruling. *Id.*

As framed by Thomas' petition for damages, the matter for the jury's determination was whether Festival Foods was negligent in failing to remove water from the floor of the deli area or in failing to warn of the danger by placing signs or barricades near the water. Instruction No. 7 directed the jury to make a finding as to whether Festival Foods knew that water was on the floor or, by using ordinary care, could have known of this condition. Thus, a key factual issue in the case involved consideration of the length of time the water had been on the floor before Thomas' fall occurred.

At trial, Thomas testified that she did not see the water before she fell and she

did not know where the water came from.[2] The store manager, William Coonce, testified that managers were required to walk around or tour the store once each hour to check for refrigeration problems, items on the floor, and other problems affecting customer satisfaction. The grocery manager, Jason Curtis, testified that all employees were trained to immediately guard any water found on the floor and then find another employee to clean it up. Curtis was on duty when Thomas fell around 6:00 pm, but he was not made aware of the incident at that time. Curtis noted that a maintenance employee swept the floor in the deli area around 5:00 pm on the date of the incident. None of the store personnel who testified[3] were aware of any water on the deli area floor in the hours preceding Thomas' fall. Thus, the evidence was inconclusive as to the amount of the time the water had been on the floor.

The initial part of Balian's expert deposition testimony focused on Festival Foods' written policies and actual procedures for routine floor maintenance. Balian noted that Festival Foods required employees to immediately clean up any substance on the floor and that managers conducted hourly inspections to make sure the floors were clean. Store procedures also required the inspections to be documented on a log sheet, but that was not routinely done. No log sheets were available for the date of Thomas' fall. Balian concluded the store's written policies were inadequate because they did not provide details of the floor inspection procedures and did not specify who was responsible for performing, documenting, and verifying the inspections on the log sheet.

Balian further testified that the hourly frequency of the manager inspections *met* industry standards, but the store's lack of consistent documentation made it difficult to determine whether hazardous materials were left on the floor for an unreasonable period of time. That testimony led to the following questioning of Balian on direct examination:

Q: [by Thomas' counsel] ... And have you been able to, through your review of the depositions and other materials, have you been able to determine any time period that this substance, or this liquid that Rebecca Thomas she fell on, how long it had been on the floor?

A: [by Balian] The best way I can answer that question is, long enough that it should have been detected.

Q: And maybe you should explain it, how you come up to that answer.

A: There is no time factor that I can establish, if you're looking for time in your question, since there is no document that shows me when the last time the floor was inspected.

. . .

Q: So you can't tell?

A: So I can't tell you, other than the fact, if indeed, you had an adequate maintenance procedure, it would have been detected in a reasonable time.

. . .

Q: [A]sking you your opinion to a reasonable degree of certainty, is it your opinion that Festival Foods should have known about this water on the floor of their store at the time or prior to the time Ms. Thomas fell?

A: In my opinion, yes.

2. Previously, in her deposition, Thomas had testified that the water had leaked onto the floor from a watermelon crate. She recanted that testimony at trial and stated that she had "no idea where the water came from."

3. Thomas presented testimony from the owner of Festival Foods and four of the store managers.

Q: And, again, what is it that you are basing that on?

A: The frequency that they say they follow. And that, I would expect if, indeed, it was executed, I would expect this water to be detected within a reasonable time.

[Defense counsel's objections omitted.]

Balian rendered an opinion that water had been on the floor for such an unreasonable period of time that it should have been detected by Festival Foods before Thomas fell. However, Balian admitted that he did not know how long the water had been standing. His opinion relied solely on the fact that Festival Foods did not document any inspections conducted on the date in question. The lack of such documentation alone does not permit an inference that water was on the floor an unreasonable period of time. The only other relevant testimony established that managers inspected the deli area on an hourly basis and that the floor was swept approximately one hour before Thomas fell. The collective testimony indicated that the water could have been on the floor anywhere from one hour to just seconds before Thomas fell. Because Balian confirmed that hourly inspections met the industry standard for proper store maintenance, his opinion that the water was on the floor for an unreasonable period of time was unsupported by any facts in the record.

Balian's opinion was inadmissible, and, thus, the jury should not have been allowed to consider it in determining whether Festival Foods knew water was on the floor and failed to remove it or warn of the danger. The opinion addressed one of the ultimate issues in the case and clearly could have affected the jury's verdict against Festival Foods. We do not conclude that Balian's entire testimony was inadmissible, rather we hold that the trial court should have excluded his opinion that "Festival Foods should have known about [the] water on the floor of their store at the time or prior to the time Ms. Thomas fell." Given this ground for exclusion, we need not consider Festival Foods' further argument that the opinion should have been excluded because it was not a proper subject of expert testimony.

The judgment is reversed and the cause remanded for a new trial.

All concur.