**DISCOVER BANK, Respondent,**

v.

**Kenneth A. SMITH, Appellant.**

No. SD 30117.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 29, 2010.

Joseph P. Winget and Jonathan P. Davis, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for Appellant.

Rick Milone, Cohen, McNeile & Pappas, P.C., Kansas City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Kenneth A. Smith ("Appellant") appeals the judgment of the trial court which found in favor of Discover Bank ("Respondent") on Respondent's "PETITION ON A CREDIT CARD." Following a bench trial, the trial court determined Appellant owed Respondent the amount of $14,289.59 for the outstanding balance on a credit card issued by Respondent and also determined Respondent was entitled to attorney's fees in the amount of $2,143.44 in addition to court costs. Appellant brings two points on appeal. In his first point relied on, Appellant takes issue with the trial court's ruling on the admission of two exhibits [1] which Appellant contends failed to comply with the business records exception to the hearsay rule, particularly section 490.680.[2] Appellant's second point maintains there was no evidence of any contractual relationship between the parties, hence there was insufficient evidence to prove Appellant was legally liable to Respondent for any amount of money. We determine Point I to be dispositive of this appeal and we reverse and remand.

The judgment in a court tried case such as the present one will be upheld unless it is not based on substantial evidence, goes against the weight of the evidence, or is based on an erroneous declaration or application of the law. Rule 84.13(d);[3] *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We review the evidence and all reasonable inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." *Citibank (South Dakota)*,

---

1. Exhibit 1 contained unsigned copies of the credit card agreement, an unsigned application for credit, and certain bills sent to Appellant. Exhibit 2 contained copies of certain payment stubs and certain checks paid on Appellant's account.

2. All statutory references are to RSMo 2000.

3. All rule references are to Missouri Court Rules (2009).

*N.A. v. Mincks,* 135 S.W.3d 545, 548–49 (Mo.App.2004). "Credibility of the witnesses and the weight to be given to their testimony is for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Id.* "Since neither party requested that the trial court prepare findings of fact, 'all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.'" *Id.* (quoting Rule 73.01(c)).

In his first point relied on, Appellant asserts the trial court erred in admitting Exhibits 1 and 2 because Respondent "failed to satisfy the foundational requirements of [section] 490.680 ..." because there was no evidence presented concerning "(1) the mode of preparation [of the documents]; or (2) whether the documents were made in the regular course of business, at or near the time of the act, condition or event."

 Section 490.680 sets out that [a] record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

"When the [aforementioned] enumerated statutory requirements are met, 'the statute invests the record with a presumptive verity, and so excepts them from the hearsay rule.'" *Davolt v. Highland,* 119 S.W.3d 118, 134 (Mo.App.2003) (quoting *Piva v. Gen. Am. Life Ins. Co.,* 647 S.W.2d 866, 877 (Mo.App.1983)).

This rule is designed to facilitate the admission of documents which experience has demonstrated to be trustwor-thy. The focus is on the character of the records with consideration for certain earmarks of reliability. Until shown otherwise, the qualified business records are assumed to be accurate because they reflect entries systematically and routinely made by those with a self-interest to ensure accuracy to allow reliance on the records in the regular conduct of business.

*Id.* Thus, the "business records exception, [section] 490.680, allows the admission of evidence without the necessity of identifying, locating, and producing as witnesses the individuals who made each entry in the regular course of business." *Medicine Shoppe Intern., Inc. v. Mehra,* 882 S.W.2d 709, 713 (Mo.App.1994). Further,

[w]here a business regularly employs electronic computer equipment to enter and store its business records, printouts of the records are admissible under section 490.680 if ... the entries reflected are made in the regular course of business at or reasonably near the time of the occurrences of the events they record, and the trial court is satisfied that the sources of information and mode and time of preparation indicate trustworthiness, and hence justify admission.

*Estate of West v. Moffatt,* 32 S.W.3d 648, 653 (Mo.App.2000); *see In re Estate of Newman,* 58 S.W.3d 640, 646 (Mo.App. 2001). "A trial court is afforded broad discretion in determining whether the parties complied with section 490.680." *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 102 (Mo.App.2006). "'The bottom line regarding the admissibility of the business records is the discretionary determination by the trial court of their trustworthiness.'" *Davolt,* 119 S.W.3d at 134 (quoting *Rouse Co. of Mo., Inc. v. Justin's, Inc.,* 883 S.W.2d 525, 530 (Mo.App.1994)).

A bench trial was held in the present matter on May 1, 2008. Appellant did not appear at trial, but was represented by counsel. The only testimony presented by Respondent was that of Lisa Evans ("Ms. Evans"), who appeared as the custodian of records for Respondent. During her direct examination, Ms. Evans testified she was "a staff associate;" that she had been working for the "bank part of the company for five years;" and that her duties are "simply to investigate and respond to regulatory complaints against the company as far as [its] collections and recovery policies and procedures to ensure that the company is adhering to those." She related she knew Respondent's filing system "very well" and said she had "access" to that filing system. When asked where she got the files she brought with her to trial, Ms. Evans stated that "the files are all maintained within our company, either via microfiche systems or via immediate notations on the account themselves." When asked how she recognized the files associated with Exhibit 1 she responded: "[j]ust familiarity with the records." When counsel for Respondent first moved to introduce Exhibit 1 into evidence, the following objection was lodged by Appellant's counsel: "Objection, Your Honor. Hearsay, lack of foundation of this witness. She's not the custodian of records. The appropriate foundation has not been laid and it's inappropriate for her—or it's inappropriate for [Respondent] to get these records in through this witness." Ms. Evans then testified she was the custodian of records for Respondent and had held that position for five years. She related she was "continually reviewing the records, continually reviewing the policies and procedures of the company . . . ." Again, Respondent's counsel offered Exhibit 1 and once more Appellant offered the "[s]ame objection" and then requested to *voir dire* the wit-

ness. During the *voir dire* of Ms. Evans, the following colloquy occurred:

APPELLANT's COUNSEL: Do you know who DFS Services is?

MS. EVANS: Yes, I do.

\* \* \*

THE COURT: I'm sorry. I didn't hear her answer.

MS. EVANS: They are a servicing site of [Respondent].

APPELLANT'S COUNSEL: And are they, in fact, the custodian of records for [Respondent]?

MS. EVANS: I—

APPELLANT'S COUNSEL: Yes or no?

MS. EVANS: I don't know. Truthfully, I don't know that.

\* \* \*

APPELLANT'S COUNSEL: Okay. Well the reason I'm—I'm confused is because there had been some pleadings filed on behalf of DFS Services who represented to the Court that they are the custodian of records for [Respondent]. Your testimony here today is you don't know who that entity is; is that correct?

MS. EVANS: I know who Discover Financial Services or DFS Services, LLC is the servicing site of our business as far as the call centers and things like that. They initiate the collections efforts. They initiate the collection calls. They initiate the customer service side of the business.

APPELLANT'S COUNSEL: They are the custodian of records for [Respondent], correct?

MS. EVANS: [Respondent] would be the custodian of records.

\* \* \*

APPELLANT'S COUNSEL: [W]as Exhibit [1] . . . documents that you gath-

ered or were they documents that were given to you by DFS Services?

MS. EVANS: These are records that I can gather.

APPELLANT'S COUNSEL: Did you gather—

MS. EVANS: By directly—I can directly gather these.

APPELLANT'S COUNSEL: Did you gather the records in Exhibit [1]? Yes or no?

MS. EVANS: No, I did not.

APPELLANT'S COUNSEL: Your Honor, this witness has no personal knowledge of the documents in Exhibit [1]. There's been contrary testimony concerning who the custodian of records is. She has not testified sufficient to satisfy the business records exception to hearsay. No evidence that these records were prepared at or near the time they're dated, she didn't collect these documents, and for those reasons we would object to the admission of Exhibit [1].

THE COURT: The objection is overruled. Exhibit [1] is admitted. I'm taking a position—She testified that [she] was custodian of records for [Respondent]....

After Ms. Evans testified that she had previously "accessed the[ ] records" contained in Exhibit 2, counsel for Respondent attempted to admit Exhibit 2 into evidence. Appellant's counsel then objected as follows:

[c]learly lack of foundation with respect to this witness for the reasons I mentioned before. Absolutely no testimony that these records were prepared at or near the time they're dated. No testimony—No evidence at all that she has the appropriate knowledge to authenticate these records, and for those reasons I object....

The trial court then overruled the objection and admitted Exhibit 2 into evidence. Appellant offered no evidence.

 It is clear, then, that at trial Appellant's argument was that Exhibits 1 and 2 were hearsay and that a proper foundation was not laid for the testimony of Ms. Evans. Appellant maintained Ms. Evans was not the custodian of Respondent's records and reiterated his argument that there was "[n]o evidence that these records were prepared at or near the time they're dated...." Now, on appeal, Appellant argues there was no foundation laid concerning the mode of preparation of the documents at issue, whether the documents were made in the regular course of business, and whether they were made "at or near the time of the act, condition or event." "Where, as here, testimony is challenged on the basis of sufficient foundation, the challenge is essentially one of admissibility, and such challenges must be raised by a timely objection...." *King v. City of Independence*, 64 S.W.3d 335, 341 (Mo.App.2002), *overruled on other grounds by George Ward Builders, Inc. v. City of Lee's Summit*, 157 S.W.3d 644, 650–51 (Mo.App.2004). " 'To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory.' " *Id.* (quoting *State v. Vann*, 7 S.W.3d 407, 410 (Mo.App.1999)); *see S.I.E. v. J.M.*, 199 S.W.3d 808, 819 (Mo.App.2006). " 'It is particularly important that where an inadequate foundation has been laid for admission of evidence that the objection made be specific as such foundation deficiencies can frequently be remedied.' " *Id.* With this in mind, only a portion of the issues raised in Appellant's Point I were raised in his objection at trial, thus, the only issue we shall consider is the lack of evidence "that these records were prepared at or near the time" they are dated.

Appellant's other issues were not preserved for our review. *See King,* 64 S.W.3d at 341.

■■■■ Accordingly, we need only examine whether there was evidence that the records in Exhibits 1 and 2 were "made . . . at or near the time of the act, condition or event . . ." at issue. § 490.680. In our review of the record, we find no evidence supporting the foregoing proposition, certainly not enough to satisfy the requirement of section 490.680. Indeed, merely testifying that one is a custodian of records who has knowledge regarding the business records of a company with a vague reference as to some of its files being maintained by "immediate notation[ ]" on the accounts themselves does not satisfy the particularized requirements of section 490.680 applicable to the specific records in these exhibits as a matter of law. While the seriatim recitals of the prerequisites encompassed in section 490.680 may appear at first blush to be but talismanic formulas whose mere recitations at trial bring about a magical acceptance of a document into evidence, each statutory requirement, nevertheless, is grounded upon reason, verity and efficiency. As explained in *Matter of Estate of White,* 665 S.W.2d 67, 69 (Mo.App.1984), in

> construing [section] 490.680 it has been observed that simply because a record is in writing and part of a financial transaction, it is not automatically qualified as a business record under the Uniform Business Records as Evidence Law. The reason for recognizing a business record as an exception to the hearsay rule is the presumptive verity of routine recording of business transactions done on a regular basis at times close to the transactions recorded. The foundation which warrants the presumption of verity must be laid to qualify the records for admission.

"Albeit it is said that a trial court possesses wide discretion in determining whether the requirements of [section] 490.680 for admission are met, the trial record should reveal evidence of compliance with each requirement of the law before any deference be accorded the ruling of the court nisi." *Id.; see Nickels v. Nickels,* 817 S.W.2d 632, 637 (Mo.App.1991) (holding the testimony of an accountant was insufficient to lay a foundation for the admission of certain tax and financial documents where, *inter alia,* there was no evidence the taxpayer prepared the supportive memoranda or notes in the regular course of his business nor did the record reflect the time of preparation of these documents). "Ere proper admission of records under [section] 490.680 can be made, it is incumbent upon the party offering them to demonstrate the mode and the times of their preparations and the fact the records were really made in the regular course of business in compliance with the statute." *White,* 665 S.W.2d at 69. The trial court erred as a matter of law in admitting Exhibits 1 and 2 into evidence. Point I has merit. There is insufficient evidence supporting the judgment rendered by the trial court. *Murphy,* 536 S.W.2d at 32. Accordingly, the judgment of the trial court is reversed.

With that being said, we do note that it has been held that "[i]f a plaintiff, by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to permit the introduction of additional evidence." *In re Estate of Mapes,* 738 S.W.2d 853, 856 (Mo. banc 1987); *see Kenney v. Wal–Mart Stores, Inc.,* 100 S.W.3d 809, 818 (Mo. banc 2003). Here, we can say with some degree of confidence that the "trial court, by its erroneous view of the law, prevented the merits of the case

from being fully developed ..." when it ruled the exhibits could be received into evidence despite non-compliance with section 490.680. *Kestner v. Jakobe,* 412 S.W.2d 205, 209 (Mo.App.1967). Under these circumstances "we believe the cause must be reversed and remanded for a new trial." *Id.*

LYNCH and BURRELL, J., concur.