**FEDERAL NATIONAL MORTGAGE ASSOCIATION (Fannie Mae), Assignee of LaSalle Bank National Association and Trans Lending Corporation, Respondent,**

v.

**Barbara J. BOSTWICK, et al., Appellants.**

**No. WD 75768.**

Missouri Court of Appeals, Western District.

Sept. 10, 2013.

Motion for Rehearing and/or Transfer to the Supreme Court Denied Oct. 29, 2013.

Application for Transfer Denied Dec. 24, 2013.

Paul Hasty, Jr., Overland Park, KS, for appellants.

Paul Hasty, Jr., Overland Park, KS, Robert Pitkin, Kansas City, MO, for appellants.

Before Division Two: THOMAS H. NEWTON, P.J., MARK D. PFEIFFER and KAREN KING MITCHELL, JJ.

THOMAS H. NEWTON, Presiding Judge.

Ms. Barbara Bostwick and A & B Properties, LLC (collectively A & B) appeal the trial court's judgment in favor of Federal National Mortgage Association (Fannie Mae). A & B contends, *inter alia,* that the trial court erroneously admitted documents purporting to show the chain of assignment of a multifamily mortgage, note, and personal guaranty, and argues that absent the erroneously admitted documents, Fannie Mae failed to prove its case.

We conclude that the trial court properly found that Fannie Mae demonstrated assignment of the loan. However, the trial court erred in finding in Fannie Mae's favor because Fannie Mae failed to establish that A & B was in default and failed to show, to a reasonable certainty, the amount due on the loan. Therefore, we reverse and remand for further proceedings.

### Factual and Procedural Background

Fannie Mae filed a petition against A & B for breach of contract and judicial foreclosure. Its petition alleged that A & B was the owner of certain property and that in 2007, Trans Lending Corporation (Trans Lending) loaned A & B $322,080. The loan was secured by a "Multifamily Note" (Note), a "Multifamily Mortgage Assignment of Rents and Security Agreement and Fixture Filing" (Mortgage), and a personal guaranty signed by Ms. Bostwick (Guaranty). Fannie Mae asserted that Trans Lending assigned the loan to La-Salle Bank National Association (LaSalle) and that in 2008, LaSalle assigned the loan to Fannie Mae. The petition further al-

leged that A & B failed to pay off the loan when due, and that the loan was in default.

Fannie Mae subsequently moved for summary judgment, which A & B opposed. In its order denying Fannie Mae's motion, the trial court determined that Fannie Mae was not entitled to summary judgment because the motion "rest[ed] upon affidavits of witnesses not competent, upon proper objection, to testify as to the existence of such facts which, under the law, entitle[d] Fannie Mae to relief."

At trial, Fannie Mae offered the testimony of Ms. Tara Horn, an escrow closer and notary who witnessed Ms. Bostwick sign the Guaranty in 2007. Mr. Joey Davenport, III, an asset manager at Fannie Mae, also testified in Fannie Mae's behalf. Fannie Mae offered a number of documents to evidence the debt and the assignment. The Note, the Mortgage, and the Guaranty were admitted without objection. Fannie Mae further offered business record affidavits from representatives of Trans Lending, Bank of America as successor to LaSalle, Fannie Mae's attorney, and Fannie Mae. A & B made a number of hearsay objections to these affidavits and their attachments, some of which the trial court overruled and some of which the trial court sustained. At the close of evidence, A & B argued that Fannie Mae had failed to offer admissible evidence to prove its case, and the court took the issue under advisement.

Subsequent to trial, the trial court issued a memorandum of findings. In its memorandum, the trial court determined that its trial ruling sustaining A & B's objections to, "[particularly exhibits 107, 113, 114, and 115], was mistaken." It declared that the records should have been admitted as complying with section 490.692,[1] which provides a hearsay exception for the admission of business records, and that Fannie Mae was entitled to the relief sought in its petition. After requesting a proposed judgment from Fannie Mae, the trial court entered final judgment in Fannie Mae's favor. It determined that: (1) Fannie Mae was the lawful holder of the Note and entitled to enforce it in the amount sought by Fannie Mae; (2) Fannie Mae was entitled to judgment on the Guaranty in the amount sought by Fannie Mae; and (3) Fannie Mae had a legal and protectable interest in the property because of the Mortgage and was entitled to a judgment of foreclosure. It awarded Fannie Mae $435,178.43 against A & B and Ms. Bostwick jointly and severally with interest accruing from May 15, 2012 and ordered that the Mortgage on the property be foreclosed.

A & B filed a post-trial motion requesting that the court alter or amend its judgment based on the inadmissibility of the documents allegedly supporting Fannie Mae's claim. The trial court did not rule on A & B's motion, and A & B timely filed its notice of appeal.

## Standard of Review

In a court-tried case, we will affirm the trial court's judgment unless it lacks substantial evidence, is against the weight of the evidence, or relies on an erroneous application or declaration of law. *Discover Bank v. Smith*, 326 S.W.3d 120, 122 (Mo.App.S.D.2010). We view the evidence and its reasonable inferences in the light most favorable to the trial court's judgment and we disregard contrary evidence and inferences. *Id.* The trial court's decisions on the admission of evidence are reviewed for abuse of discretion. *Asset Acceptance v. Lodge*, 325 S.W.3d 525, 528 (Mo.App.E.D.2010). Questions of law, however, we review *de novo*. *See Thomas*

---

**1.** Statutory references are to RSMo 2000 and    the Cumulative Supplement 2011.

*v. Festival Foods,* 202 S.W.3d 625, 627 (Mo.App.W.D.2006).

## Legal Analysis

A & B raises five points. The first four points argue that the trial court erred in finding in Fannie Mae's favor because it relied on inadmissible evidence and the admissible evidence was insufficient to support Fannie Mae's claims; the final point argues the trial court erred in awarding Fannie Mae attorney's fees. For ease of discussion, we discuss A & B's points out of order.

### Fannie Mae proved it was entitled to enforce the Note, and the Mortgage and Guaranty follow the Note.

■ In its second point, A & B argues that Fannie Mae failed to show the Note was assigned to it, and because it did not show the Note was assigned to it, Fannie Mae did not show it lawfully possessed the Note or was entitled to enforce it. Fannie Mae, however, contends that the trial court correctly found that it was entitled to enforce the Note pursuant to section 400.3–301(i) because it was the holder of the Note in that the Note was endorsed payable to it and it was in possession of the original Note.

■ In order to recover an amount owed to some other party, the plaintiff is required to prove the assignment of the account to show that is the rightful owner of the debt. *CACH, LLC v. Askew,* 358 S.W.3d 58, 61–62 (Mo. banc 2012). When there are multiple assignments, each assignment must be proven valid. *Id.* "In other words, every link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence...." *Id.* Thus, in order to

make its case, Fannie Mae was required to present evidence of each step in the chain transferring the Note from Trans Lending to LaSalle to Fannie Mae.

■ In Exhibits 101/101 a, Fannie Mae admitted without objection a copy of the Note and two allonges.[2] One allonge endorsed the Note from Trans Lending to LaSalle, and the other endorsed the Note from LaSalle to Fannie Mae. The endorsement in the first allonge stated, "Pay to the order of LaSalle Bank National Association, a national banking association, without recourse, representation or warranty." The endorsement in the second allonge stated, "Pay to the order of FANNIE MAE, its successors and/or assigns."

Section 400.3–301 provides that a "Person entitled to enforce" includes "the holder of the instrument." As relevant here, a "holder" is "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." § 400.1–201(20). Exhibits 101/101a showed that Fannie Mae possessed the Note and that the allonges made the Note payable to it specifically, as an identified person. The endorsements were admitted without objection and directly transferred the Note from Trans Lending to La Salle and from La Salle to Fannie Mae. Consequently, Fannie Mae was a holder and therefore was a person entitled to enforce the Note.

■ In Missouri, "unless the mortgage has been in some way separately extinguished, as by release for instance, the transfer of the note carries the mortgage with it as an incident." *Logan v. Smith,* 1876 WL 9349, *3 (Mo.1876); *see also* 55 AM. JUR.2D MORTGAGES § 927 (2009). "The debt is the principal thing; the mortgage, which is but the security, is the mere

---

**2.** Allonges are "papers annexed to their respective negotiable instruments." *Am. First*

*Fed., Inc. v. Battlefield Ctr., L.P.,* 282 S.W.3d 1, 3 (Mo.App.E.D.2009).

incident of the debt; and on the maxim, *omne principale, trahet ad se accessorium,* where the debt goes the mortgage follows." *Kingsland & Ferguson Mfg. Co. v. Chrisman,* 1887 WL 1732, *2 (Mo.App. 1887). Our supreme court recently reaffirmed the applicability of this rule: "It is well established that the assignee of a secured promissory note becomes, by that fact alone, the beneficiary of the deed of trust."[3] *Wells Fargo Bank, N.A. v. Smith,* 392 S.W.3d 446, 463 n. 12 (Mo. banc 2013); *see also Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619, 623 (Mo. App.E.D.2009). Further, a personal guaranty also follows the assignment of the note. *American First Federal, Inc. v. Battlefield Center, L.P.,* 282 S.W.3d 1, 5–6 (Mo.App.E.D.2009).[4] Thus, because Fannie Mae demonstrated it was the valid assignee of the Note, by operation of law, Fannie Mae also proved that it was the assignee of the Mortgage and the Personal Guaranty. Point Two is denied.[5]

### Fannie Mae did not show the alleged default or the amount owed with admissible evidence.

In its third and fourth points, A & B argues that the trial court erred in finding in Fannie Mae's favor because Fannie Mae did not present any admissible evidence that A & B was in default or of the amount allegedly due on the loan. It argues that the only evidence of default was the testimony of an asset manager at Fannie Mae, Mr. Davenport, who "openly admitted" that his information was "obtained from a third party," Bank of America, and was thus hearsay. It further argues that the only evidence of an amount due was a letter from Bank of America in Exhibit 115, which was inadmissible, and that Fannie Mae therefore failed to prove its case.

"To recover on a promissory note, the plaintiff must (1) produce the note (2) signed by the maker and (3) show the balance due." *Affiliated Acceptance Corp. v. Boggs,* 917 S.W.2d 652, 656 (Mo. App.W.D.1996). A plaintiff sets forth a *prima facie* case when the signed note is in evidence "and there is evidence to show that the note is unpaid or there is a balance due and owing." *Magna Bank of Madison Cnty. v. W.P. Foods, Inc.,* 926 S.W.2d 157, 161 (Mo.App.E.D.1996); *see also First Bank Ctr. v. Thompson,* 906

---

**3.** Although the *Wells Fargo* court referred to a deed of trust rather than a mortgage, we see no effective difference here. *See Wells Fargo Bank, N.A. v. Smith,* 392 S.W.3d 446, 463 n. 12 (Mo. banc 2013). Both a mortgage and a deed of trust are security instruments. § 443.005. In Missouri, we have chosen deeds of trust over mortgages as the preferred method of securing debt with land. *See* Stinson, Mag & Fizzell, *Methods of Practice: Transaction Guide,* 1 Mo. Prac. § 8.1 (2001). The reason for Missouri sanctioning of deeds of trust over mortgages is largely that deeds of trust are more efficient in that they do not require the delays and expenses of judicial foreclosure. *Id.*

**4.** Ms. Bostwick's Guaranty provided that the "Lender may, without notice, assign this Guaranty in whole or in part[.]"

**5.** In its first point, A & B contends that: (1) the trial court erred in admitting certain documents evidencing the alleged assignment of the loan to Fannie Mae because they were inadmissible hearsay; and (2) that an affidavit from Bank of America as successor to LaSalle could not be used to support the alleged assignment by showing LaSalle's merger into Bank of America. Because Fannie Mae demonstrated that it was the holder of the Note, and the Mortgage and Guaranty follow the Note, we find it unnecessary to discuss the alleged evidentiary errors asserted in point one as our disposition of point two renders any such errors harmless. *See Asset Acceptance v. Lodge,* 325 S.W.3d 525, 528 (Mo.App. E.D.2010) (stating that improperly admitted evidence must have prejudiced the defendant to warrant reversal).

S.W.2d 849, 856 (Mo.App.S.D.1995). While damages do not have to be proven with "absolute certainty," they cannot be a matter of speculation. *Affiliated Acceptance Corp.*, 917 S.W.2d at 657. There must be proof to a "reasonable certainty" as to their existence and the amount due. *Id.*

Fannie Mae contends it was not required to show default or the amount due because payment is an affirmative defense on which A & B bore the burden of proof. *See, e.g., Estell v. Estate of Iden*, 714 S.W.2d 774, 776 (Mo.App.E.D.1986) (stating that a defendant-maker who pleads payment as an affirmative defense has the burden to establish it). However, A & B did not plead payment as an affirmative defense. As A & B correctly argues, the burden was first on Fannie Mae to make its *prima facie* case, which included demonstrating that there was a balance owed. *See Magna Bank of Madison Cnty.*, 926 S.W.2d at 161; *Affiliated Acceptance Corp.*, 917 S.W.2d at 656.

At trial, Mr. Davenport testified that he worked in Fannie Mae's Special Assets Management Department, which manages loans that are in default. He explained that Fannie Mae hires third-party servicers to collect mortgage payments and monitor escrows on smaller loans, such as A & B's loan. If the servicer notifies Fannie Mae that the loan is in default, the loan is transferred to the Special Assets Department. Mr. Davenport testified that the notifications are transmitted in the regular course of business and that Fannie Mae relies on them to manage its loan portfolio. He asserted that the loan at issue was a special asset because it was in default. On cross-examination, however, he admitted that he had no knowledge of the loan prior to it being transferred to the Special Asset Department and that his information about whether payments were made came from Bank of America as the servicer.

A & B argues that Mr. Davenport's testimony could not establish default because it was hearsay in that the statement that there was a default came from Bank of America and Bank of America was not in court. "Hearsay evidence is objectionable because the person who makes the statement offered is not under oath and is not subject to cross-examination." *St. Louis Univ. v. Geary*, 321 S.W.3d 282, 291 (Mo. banc 2009).

We agree that Mr. Davenport's testimony could not itself establish a default because according to his testimony, he became aware of the loan only after Bank of America notified Fannie Mae that the loan was in default. Fannie Mae asserts that Mr. Davenport's testimony was only to establish that Bank of America was the loan servicer in order to lay the foundation for admission of Exhibit 115 as a business record, which it contends established that A & B was in default as well as the amount due.

Section 490.680 provides as an exception to the hearsay exclusionary rule that:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Under section 490.692, business records may also be admitted by the affidavit of an appropriate person, as opposed to being admitted by live testimony. *Providian Nat'l Bank v. Houge*, 39 S.W.3d 552, 554 (Mo.App.S.D.2001).

Exhibit 115 was a business records affidavit from Mr. Joseph Davis as Director of Bank of America. In the affidavit, Mr. Davis asserted that he was a custodian of records for Bank of America and that Bank of America serviced the loan for Fannie Mae. He further asserted that A & B had not made a loan payment since January 2011 and that his staff had prepared a defaulted loan payoff statement, which was attached as Exhibit A (Exhibit 115–A). Exhibit 115–A was an unsigned letter to A & B dated May 16, 2012 and was titled "Defaulted Loan Payoff Statement—DRAFT SUBJECT TO FANNIE MAE APPROVAL." The "draft" showed the amount due on May 15, 2012 as $435,179.43.

A & B argues that Exhibit 115–A was not admissible as a business record because it was prepared by Bank of America for litigation. It further contends that even if admissible, the letter cannot evidence the amount due. At trial, the court sustained A & B's objection that the letter was hearsay within hearsay and not properly admitted as a business record, which A & B contended "would be the records of Bank of American showing the advances on the loan, payments on the loan, that kind of thing." After trial, as noted, the trial court reversed its ruling excluding the exhibit.

Exhibit 115–A is clearly hearsay. The letter is an out-of-court statement offered to prove the loan was in default, as well as the amount owed on the loan, and it was not subject to cross-examination by A & B as to either fact. While Fannie Mae contends the letter qualifies for the business record exception, "simply because a record is in writing and part of a financial transaction, it is not automatically qualified as a business record." *In re Estate of White,* 665 S.W.2d 67, 69 (Mo.App.S.D.1984). A business record is a recording of a routine transaction "done on a regular basis at times close to the transactions recorded." *Id.* At best, the letter is a record of a correspondence or a draft by Bank of America. The letter is not a business record of the loan such as a printout of ledger entries or a payment history proving a loan default or amount owed. *See e.g., Discover Bank,* 326 S.W.3d at 123 (stating that printouts of records are admissible if they are made in the regular course of business, reasonably near the time of the events they record, and the trial court is satisfied as to their trustworthiness); *First Bank Centre,* 906 S.W.2d at 857 (stating that "it should not have been overly difficult" for the plaintiff to present business records showing dates of payments and amounts owed).

▆▆▆ Further, Fannie Mae concedes the letter was prepared for litigation, and a document prepared as a summary for litigation is not a business record.[6] *See State ex rel. Hobbs v. Tuckness,* 949 S.W.2d 651, 655 (Mo.App.W.D.1997). Business records with adequate foundation are excepted from hearsay exclusion because we can presume the veracity of a business record when it is made in the regular course of business and contemporaneously to the event it records. *White,* 665 S.W.2d at 69. This presumption is clearly not present when a document is made for the self-serving purpose of the party offering it. *See id.*

6. Fannie Mae argues that some other jurisdictions have approved payoff statements as a means to evidence the amount due. Its argument is inapplicable here. The cases it relies on decide summary judgment motions which have obviously different foundational requirements, and as discussed *infra,* the "draft" offered by Fannie Mae is unreliable as a "payoff statement," even if Mr. Davis's affidavit could have properly laid the foundation for admission of the attached documents as business records.

■ Beyond the letter not meeting the foundational requirements of section 490.680, further troubling is the lack of authenticity in the document itself. It is marked as a "draft" and closes with typewritten names rather than being signed. Interest is charged on the statement "from 12/1/2010 through 5/31/2012," although the payoff date is reflected as May 15, 2012, and the trial court's judgment additionally awards interest on the total amount of $435,178.43 from May 15, 2012. Otherwise stated, A & B appears to have been charged double interest from May 15, 2012 to May 31, 2012 in the "draft," though it is impossible to ascertain conclusively from the "draft" itself. An additional $38,856.06 is charged as "TriMont Costs of Collection." Mr. Davenport of Fannie Mae testified that TriMont was its "special servicer" but there is no indication of how an affidavit from an employee of Bank of America could lay the foundation for admitting TriMont's "costs of collection" or provide what these charges entailed. Simply stated, this was not a business record qualifying for a presumption of veracity and the facts asserted within it should have been subject to cross-examination.[7]

Because the trial court erred in admitting Exhibit 115 as a business record through its after-trial order and no other proper evidence demonstrated default or an amount due, Fannie Mae did not meet its burden. Points three and four are granted.[8]

### Conclusion

Therefore, we conclude that Fannie Mae demonstrated it was the valid assignee of the loan, but it failed to show it was entitled to recovery because of the lack of evidence establishing A & B's default or the amount owed. If the plaintiff fails to produce sufficient evidence to prove its claim and the proof appears to be available, the case should be remanded. *Discover Bank*, 326 S.W.3d at 126. "The preference is for reversal and remand." *Kenney v. Wal–Mart Stores, Inc.*, 100 S.W.3d 809, 818 (Mo. banc 2003) (internal quotation marks and citation omitted).[9]

7. Although Fannie Mae argues in its brief that in the affidavit supporting the letter Mr. Davis stated the amount due was $456,179.43, Mr. Davis does not make this statement. Further, although Mr. Davis states the loan was in default, his statement is not evidence. The business records exception allows the foundation for records to be laid by affidavit, but the affidavit itself is prepared for litigation and is therefore not a business record which may be received into evidence under section 490.652. *See In Interest of J.M.C.*, 920 S.W.2d 173, 176 (Mo.App.W.D.1996). While the trial court may decide *motions* based on affidavits pursuant to Rule 55.28, without stipulation by the parties, affidavits may not be considered evidence during *trial*. *See Jhala v. Patel*, 154 S.W.3d 12, 20 (Mo.App.E.D.2004); *State ex rel. Missouri Highway and Transp. Comm'n v. Zeiser Motors, Inc.*, 949 S.W.2d 106, 108 (Mo. App.E.D.1997); *Stanfill v. Stanfill*, 505 S.W.2d 438, 439 (Mo.App.1974). Mr. Davis's statement is an out of court statement offered for its truth, it was not stipulated to, and it is not a business record. Thus, statements in his affidavit could not prove the fact of default.

8. In its fifth point, A & B contends that the trial court erroneously awarded attorney fees because Fannie Mae failed to present any admissible evidence concerning attorney fees. The judgment, however, does not award attorney fees. It awards the "TriMont Costs of Collection" previously discussed, which were listed in the "payoff statement." The Note and Guaranty contained broad provisions allowing the lender to collect costs of collection and, presumably, the trial court's award is pursuant to these provisions. However, because we are reversing the award for the reasons discussed, the "costs of collection" award is also reversed. Thus, point five is rendered moot.

9. The preference for remand is so strong that this court has said, "A plaintiff's verdict should be reversed without remand only if the

Consequently, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

PFEIFFER and MITCHELL, JJ., concur.

appellate court is convinced that plaintiff could not make a submissible case on retrial." *Affiliated Acceptance Corp. v. Boggs*, 917 S.W.2d 652, 656 (Mo.App.W.D.1996) (citing *Moss v. Nat'l Super Mkts., Inc.*, 781 S.W.2d 784, 786 (Mo. banc 1989)); *see also Lance v. Van Winkle*, 358 Mo. 143, 213 S.W.2d 401, 404–05 (1948) ("It is a settled practice of appellate procedure that a case should never be reversed for failure of proof without remanding, unless the record indicates that the available essential evidence has been fully presented, and that no recovery could be had in any event.").